IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| J.S., | ) |
| Plaintiff, | ) Civil No. 04-6320-TC |
| v. | ) OPINION AND ORDER |
| CITY OF EUGENE, a municipal corporation, | ) |
| Defendants. | ) |

COFFIN, Magistrate Judge.

Pursuant to Fed. R. Civ. P. 37, defendant filed a motion (#30) to compel the production of documents the disclosure of which plaintiff has objected to as protected by the psychotherapist privilege. At the oral argument of the motion on May 23, 2005, I ordered that the motion be granted to the extent that plaintiff would transmit to defendant any documents reflecting the therapist's observations and/or diagnoses, redacting any portions that contained references to plaintiff's

1 - OPINION AND ORDER

communications to the therapist, which would be subject to the privilege.[1] This written opinion follows up my oral instructions to the parties and serves to clarify my previous order.

Rule 501 of the Federal Rules of Evidence provides, in relevant part, that:

> [T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they my be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Although plaintiff brings both federal and state law claims in this action, any discoverable materials would be relevant to both sets of claims; as such, the federal common law of privilege applies to the entire action. See In re: Sealed Case (Medical Records), 381 F.3d 1205, 1212 n.7 (D.C. Cir. 2004) (collecting cases). Thus, defendant's contention that an analysis of the state law of privilege is required because such privilege applies to plaintiff's state claims must be rejected.

Under federal caselaw, "confidential communications" between a psychotherapist and his patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501. Jaffee v. Redmond, 518 U.S. 1, 15 (1996). As such, I have excluded from discovery any documents containing a record of plaintiff's communications to her therapist in my order granting, in part, defendant's motion to compel. However, the parties have not cited to, and I am not aware of, any cases that extend this privilege to the therapist's independent observations of the client or to the ultimate diagnosis, if any, that the therapist applies to the patient. Although in Jaffee, the Supreme Court ordered that both "the conversations" between client and therapist and "the notes

---

[1] I further noted that should there be a question of whether disclosure of a particular document or portion thereof would be appropriate, said document could be provided to the court for in camera review.

taken during their counseling sessions" were protected from disclosure, it is not at all clear that the Court intended the protection to apply to the notes in any way other than in their capacity as a memorialization of the conversations themselves. Indeed, such is the most logical conclusion, given that while throughout Jaffee the Court refers to "confidential communications," "confidential conversations," and "discussions," and the need to allow patients to be secure in the privacy of such, never in the opinion does the Court refer to a need for privacy or a privacy interest in the independent observations of the therapist or of his diagnosis. Rather, in support of its opinion, the Court cites to the Judicial Conference Advisory Committee Notes generated when the 1972 proposed privilege Rule was under consideration, in which the Committee stated that a psychiatrist's ability to help her patients

> is completely dependent upon [the patients'] willingness and ability to talk freely. This makes it difficult if not impossible for [a psychiatrist] to function without being able to assure . . . patients if confidentiality and, indeed, privileged communication.

Jaffee, 518 U.S. at 10 (citations and quote marks omitted) (emphasis supplied). The court also noted the need for an atmosphere of confidence and trust

> in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears. Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace.

Id. (emphasis supplied). Hence, the personal interest protected, and the public interest served, is the ability of a patient to feel confident and secure in the knowledge that what she tells a therapist will not be disclosed, increasing the likelihood that individuals in mental distress will engage a therapist to help them. The Supreme Court did not, however, give any indication that there was a vital interest served by barring the disclosure of essentially all records produced in the course of therapy and

3 - OPINION AND ORDER

treatment as plaintiff here would have it.

Based on my reading of Jaffee and subsequent caselaw, I find that the privilege applies only to the substance of the communications made by the patient to the therapist in the course of diagnosis and treatment, and not to the independent observations of the therapist or to any diagnosis the therapist makes.

I would also note that in this case, plaintiff seeks emotional distress damages - which may very well put her communications to a psychotherapist directly at issue in the case. Although I reserve ruling on the issue at present, pending her decision to use, for example, expert witness testimony to describe her mental state, I observe that should plaintiff herself demonstrate an intent to rely on evidence that makes those communications necessary for defendant to put forth a full and fair defense, the "patient-litigant" exception to the privilege may well apply. See, e.g., Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997); Hucko v. City of Oak Forest, 185 F.R.D. 526 (N.D. Ill. 1999). At the very least, assuming arguendo that the psychotherapist privilege can be extended to encompass the diagnoses and conclusions reached by the therapist, a plaintiff's assertion of a claim based upon an alleged injury to her mental state would surely constitute an implied waiver of relevant diagnoses and conclusions.

It is hereby ORDERED that defendant's motion (#30) to compel is granted to the extent that plaintiff is ordered to transmit to defendant any documents reflecting her psychotherapist's

///
///
///
///

4 - OPINION AND ORDER

independent observations and diagnoses, if any, redacting any portions containing references to plaintiff's communications to the therapist.

DATED this 2 day of June, 2005.

                                                           Thomas M. Coffin
                                                         United States Magistrate Judge